25 C.C.P.A. (Patents)

## In re CALVERT.

### Patent Appeals No. 3993.

Court of Customs and Patent Appeals.
June 27, 1938.

Clarence M. Fisher, of Washington, D. C. (Pennie, Davis, Marvin & Edmonds, W. Brown Morton, and Frank E. Barrows, all of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 28 to 39, inclusive, in appellant's application for a patent for an alleged invention relating to a "thermal seal of a rubber hydrochloride," as stated in claim 28, a flexible enclosure, as defined in claim 33, and a method of packaging an article, as defined in claim 38.

We quote claims 28, 33, and 38, which are illustrative of the appealed claims:

"28. A thermal seal of a rubber hydrochloride.

"33. In a package and as a part of the packaging material thereof, an air-tight, moisture-proof, flexible enclosure of a rubber hydrochloride film overlapping portions of which are united by an air-tight moisture-proof bond.

"38. The method of packaging an article which comprises enclosing it in a transparent film of a non-tacky rubber hydrochloride and coalescing overlapping portions of the film by applying heat and pressure thereto."

The references cited in the decision of the board are Bradley et al., 1,519,659, December 16, 1924; Becker et al., 1,756,919, April 29, 1930; Calvert, 1,989,632, January 29, 1935.

The patent to *Calvert is appellant's patent,* and the application therefor and appellant's involved application were copending in the Patent Office.

The appealed claims were rejected by the tribunals of the Patent Office as being unpatentable over claims 6 and 8 of appellant's patent, the holding of those tribunals being, in effect, that to grant appellant a patent

for the invention defined in the appealed claims would amount to double patenting. The Primary Examiner also apparently rejected the appealed claims on the patents to Bradley et al. and Becker et al. in view of claims 6 and 8 of appellant's patent.

The latter ground of rejection was held unwarranted by the Board of Appeals in its denial of appellant's "request for reconsideration" of its decision, the board saying:

"A request for reconsideration has been filed. In our prior decision we held that the appealed claims are not patentable because, (1) they are not patentable over what is claimed in claims 6 and 8 of applicant's prior patent No. 1,989,632, and (2), they are not patentable over other prior art cited. We have carefully considered applicant's brief and believe that the rejection on the second ground above is not tenable and is withdrawn. The examiner indefinitely referred to the other prior art besides applicant's patent but apparently did not reject the claims on it.

\* \* \* \* \* \*

"We accordingly withdraw our rejection of the claims over the prior art which does not include applicant's prior patent. We are still of the view that the claims are unpatentable over claims 6 and 8 of applicant's prior patent."

In denying appellant's "Renewed Request for Reconsideration" of its decision, the board stated:

"We affirmed the decision of the examiner in his rejection of all the claims on the ground of double patenting and nothing has been presented which changes our views."

Accordingly, the sole issue before us is that of double patenting.

Disregarding for the moment claims 6 and 8 of appellant's patent on which the appealed claims were rejected, claim 3 of the patent may be used here as illustrative of the invention disclosed and claimed therein. It reads:

"3. As a new article of manufacture, a homogeneous, thin sheet material or film composed of a partially saturated rubber hydrochloride *and a substance of such character and in such an amount as to retard photochemical disintegration of the rubber hydrochloride,* said sheet or film being characterized by transparency, flexibility, extensibility and inherent resistance to the passage of moisture vapors, which last-named characteristic is not appreciably affected by creasing or folding." (Italics ours.)

It will be observed that, among other things, claim 3 calls for a film of rubber hydrochloride having "a substance of such character and in such an amount as to retard photochemical disintegration of the rubber hydrochloride." Claims 1, 5, and 7 of appellant's patent contain similar broad language; whereas, claims 2, 4, 9, 10, and 11 of his patent are somewhat narrower in scope. Claim 2, for example, recites that the composition therein claimed includes "a rubber hydrochloride and hexamethylene tetramine in such an amount as to retard photochemical disintegration of the rubber hydrochloride." Claims 9 and 10 are somewhat broader than claim 2 in that they, respectively, define a composition of material which includes "rubber hydrohalide and a saturated secondary amine" and "rubber hydrohalide and a substituted dimethylamine."

Appellant's involved application relates generally to a "rubber hydrochloride having thermoplastic seals." It appears from the record that such material disintegrates when exposed to light over a protracted period of time, and consequently is limited to uses where it is protected from the light or where it is employed for wrapping articles for immediate use. To remedy that defect, appellant added certain substances, such as "hexamethylene tetramine," to his rubber hydrochloride composition, and photochemical disintegration was thereby greatly retarded. On December 22, 1933, approximately four months after the filing of the involved application, appellant filed his application No. 703,557 in the United States Patent Office for a patent for his improved rubber hydrochloride composition, and patent No. 1,989,632 issued thereon on January 29, 1935.

The holding of the tribunals of the Patent Office is to the effect that appellant claimed both inventions in his patent No. 1,989,632, and, therefore, is not entitled to another patent for one of those inventions.

Counsel for appellant contend that all of the claims in appellant's patent No. 1,989,-632 are limited to a rubber hydrochloride material or film containing a substance for retarding photochemical disintegration of the rubber hydrochloride; that claims 6 and 8, which the Board of Appeals held were not so limited, do, in fact, contain that limitation; and that, therefore, the appealed claims, which do not contain that limita-

tion, are patentably different from claims 6 and 8 of appellant's patent.

In view of the fact that claims 6 and 8 of the patent are substantially the same so far as the issues here are concerned, we deem it sufficient to quote claim 6 only. It reads:

"6. As a new article of manufacture a homogeneous, cast thin sheet material or film suitable for use as a wrapping material composed essentially of a chlorine-containing rubber derivative and being characterized by flexibility, transparency, extensibility with no more than a low degree of elasticity, and inherent resistance to the passage of moisture vapor, which last-named characteristic is not appreciably affected by creasing or folding, and *further characterized by resistance to photochemical disintegration over a prolonged period of time* and being thermoplastic whereby overlapping portions become fused to one another when subjected to heat and pressure." (Italics ours.)

It will be observed that quoted claim 6 contains the statement that the rubber hydrochloride sheet is "further characterized by resistance to photochemical disintegration over a prolonged period of time." It would seem to be clear that if the wrapping material defined in that claim is "characterized by resistance to photochemical disintegration over a prolonged period of time," it must, in view of the teaching of the patent, contain a "photochemical inhibitor" which gives it the characteristic of being resistant to photochemical disintegration.

It is true, as stated by the Board of Appeals, that claims 6 and 8 are broad and somewhat indefinite. The same may be said of quoted claim 3 and claims 1, 5, and 7 of appellant's patent. However, we are unable to concur in the view expressed by the board that claims 6 and 8 are "too indefinite to be construed as requiring the presence of a photo-chemical retarder." On the contrary, we think those claims were intended to be, and are, in fact, limited to a rubber hydrochloride composition containing a photochemical inhibitor which gives it the characteristic of being resistant to photochemical disintegration.

We think it is clear from what has been said that the appealed claims are distinguishable from claims 6 and 8, as well as the other claims of appellant's patent, in that they cover the broad generic invention which comprises a "rubber hydrochloride," *not resistant* to photochemical disintegration, "having thermoplastic seals," rather than appellant's improved composition defined in claims 6 and 8 of his patent, *which is resistant* to photochemical disintegration.

In view of the fact that, as we understand its decision, the board rejected each of the appealed claims solely upon the theory that claims 6 and 8 of appellant's patent were *not* limited to a composition containing a "photochemical inhibitor," and as we are of opinion that those claims are so limited, we must hold that the appealed claims differ in subject matter and scope from claims 6 and 8 of appellant's patent and are patentably distinguishable therefrom, and that the board erred in rejecting them on the ground of double patenting.

The decision of the Board of Appeals is reversed.

Reversed.